**Signed and Filed: September 4, 2018**



_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | Bankruptcy Case No. 17-31127-DM |
| MIRIAM SOCORRO AYALA, aka MIRIAM S. AYALA, dba AYALA FINANCIAL SERVICES, | Chapter 13 |
| Debtor. | |

**MEMORANDUM DECISION RE VALUE OF PROPERTY**

The court has considered the competing appraisals of 519 Maple Avenue, San Bruno, CA (the "Property"). Those appraisals were submitted by Charles Clark on behalf of Real Time Solutions, Inc. ("Real Time") and by Sheri Hill on behalf of Miriam Ayala, the above-named debtor.

The parties have agreed to submit those appraisals to the court to fix the value of the Property as of November 9, 2017, the date debtor filed her Chapter 13 petition. They have waived the right to cross-examine the other side's appraiser and to submit further argument. The value determined by the court will resolve Real Time's objections to confirmation (Dkt. No. 81) of debtor's Amended Chapter 13 Plan Dated August 2, 2018 (Dkt. No. 78), which provides for no payments on account Real Time's second deed of trust on the Property and nothing to unsecured creditors; it will

also determine debtor's Motion to Value Collateral Under Sections 506 and 3012 (Dkt. No. 75) and Real Time's opposition to that motion (Dkt. No. 77).

There is no dispute that the senior lien on the Property secures a debt of $933,871.56 as of the petition date. No evidence has been presented by either side as to ad valorem taxes owing as of the petition date, so the court will assume there are none.

For the reasons that follow, the court will fix the value of the Property at $1,035,000 as of the petition date. Therefore, Real Time's objection to confirmation of the Amended Plan will be SUSTAINED because it is "in the money" by $101,128.44 ($1,035,000 minus $931,871.56) and its lien on the Property, being the debtor's principal residence, cannot be stripped. The Motion to Value is also disposed of by this value determination.[1]

Mr. Clark's appraisal is more persuasive than Ms. Hill's and is the starting place for the court's decision, but with some downward adjustment. There are two principal reasons why Ms. Hill's opinion is discounted. First, she says that "[low inventory with a lack of available listings on the market has created strong demand often with multiple offers for Active Listings." (Hill Appraisal, p. 1). But then she relies on comparables ## 3, 4 and 5 that closed two, six and seven months before the effective date of her appraisals and makes no adjustments for time and market appreciation as Mr. Clark has done with his comparables. She also relied on comparable #2 with a

---

[1] The following discussion constitutes the court's findings of fact and conclusions of law. Fed. R. Bankr. P. 7052(a).

closing date in the future.  Only comparable # 1, which closed only weeks before the effective date understandably does not need to be adjusted at all.

Second, while Ms. Hill comments on the poor condition of the Property in many respects, she makes a blanket downward "Condition" adjustment of $75,000 to comparables ## 1, 2, 3 and 5 based simply for "Updated/Maintned" [sic].  This large an adjustment four times is suspect.

The appraisers disagree on the number or rooms in the Property but their differences in square footage is minimal.  It appears that Mr. Clark may be counting the room that Ms. Hill calls an "unpermitted inlaw" and he calls a "guest apartment."

Where the court has a problem with Mr. Clark's opinion is his downplaying of the unsafe condition of the long unused pool and his lack of meaningful adjustment for obvious problems such as overgrown vegetation, mold, dryrot, cracking and similar conditions that are quite apparent in Ms. Hill's report.  For this reason the Clark opinion of $1,075,000 seems inflated.  The court can only make a guess at what a willing buyer would take into account regarding those two conditions in making an offer, but for these purposes there is ample reason to believe that an adjustment of $35,000 - $45,000 would not be unexpected.  Accordingly, the Clark opinion is adjusted from $1,075,000 to $1,035,000 as of the petition date.[2]

---

[2] Even without the Clark appraisal, the difference between the Hill appraisal of $925,000 and the senior lien on the Property ($933,871.56) is so slight that an adjustment upward of only $9,000 would leave Real Time protected from debtor's attempt to strip its lien.

-3-

```
 1      Counsel for Real Time should serve and upload two orders, one
 2 resolving the Motion to Value with the foregoing figure and the
 3 other sustaining its objections to the Amended Plan, and both "for
 4 the reasons stated in this Memorandum Decision re Value of
 5 Property.
 6                      ** END OF MEMORANDUM **
```

Case: 17-31127    Doc# 89    Filed: 09/04/18    Entered: 09/04/18 16:07:21    Page 4 of 5

| | |
|---|---|
| 1 | **Court Service List** |
| 2 | |
| 3 | Miriam Socorro Ayala |
|   | 519 Maple Ave. |
| 4 | San Bruno, CA 94066 |